# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0785V
(not to be published)

| | |
|---|---|
| LARRY ALEX KLICKSTEIN, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: October 12, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Rates |
| Respondent. | |

*Paul A. Green, Law Office of Paul Green, Pasadena, CA, for Petitioner.*

*Emily H. Manoso, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On June 26, 2020, Larry Alex Klickstein filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.*[2] (the "Vaccine Act"). On November 19, 2018, Petitioner received an influenza vaccine, which vaccine is listed on the Vaccine Injury Table, 42 C.F.R. § 100.3(a). Petitioner alleges that he sustained a shoulder injury related to vaccine administration within the time period set forth in the Table, or in the alternative, that his alleged shoulder injury was caused by the vaccine. ECF No. 33 at 1. On June 29, 2022 a decision was issued awarding compensation to Petitioner based on the parties' stipulation. *Id.*

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated July 28, 2022 (ECF No. 36), requesting a total award of $27,083.00 (representing $26,683.00 in fees and $400.00 in costs). In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id. at 3*. Respondent reacted to the motion on August 1, 2022, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. ECF No. 37. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id*. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

**ATTORNEY FEES**

A.  <u>Hourly Rates</u>

Petitioner requests compensation for attorney Paul Green at the following rates: $430 per hour for time billed in 2020; $435 per hour for time billed in 2021; and $440 per hour for time billed in 2022. (ECF No. 36 at 2). However, the requested rates are not appropriate for all relevant years' work was performed on this matter. Mr. Green has previously been awarded $405 per hour for time billed in 2020, and $420 per hour for time billed in 2021. *See Silva v. Sec'y of Health & Human Servs.,* No. 18-1887V, 2021 WL 946043 (Fed. Cl. Spec. Mstr. Mar. 5, 2021); *Flores v. Sec'y of Health & Human Servs.,* No. 19-0818V, 2022 WL 1873711 (Fed. Cl. Spec. Mstr. Apr. 22, 2022). I agree with the reasoning of the previous special master for adopting this rate, and therefore similarly reduce Mr. Green's rates to those previously awarded. This results in a reduction of **$985.50**.[3] For time billed in 2022, however, the requested increased rate of $440 per hour is appropriate and will be awarded.

B.  <u>Paralegal Tasks at Attorney Rates</u>

Mr. Green's rate must also be reduced for work appropriately billed at paralegal tasks. Attorneys may be compensated for paralegal-level work, but <u>only</u> at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008).

Mr. Green billed over five hours on tasks that are more properly characterized as paralegal tasks, including requesting medical records, and filing documents.  A few non-exhaustive examples of these entries include:

- June 26, 2020 (0.20 hrs) "Preparing and filing Petitioner's Exhibit List";

---

[3] This amount consists of ($430 - $405 = $25 x 32.50 hrs = $812.50) + ($435 - $420 = $15 x 11.2 hrs = $168) = $980.50.

3

- June 26, 2020 (0.20 hrs) "Preparing and filing Civil case Cover Sheet";

- July 7, 2020 (0.20 hrs) "Preparing Updated List of Exhibits plus additional medical records from Dr. Petrigliano"; and

- November 17, (0.20 hrs) "Preparing and filing Petitioner's Notice of Filing Exhibits 10 and 11 re economic damages."

ECF No. 36-2 at 4, 5 and 10.

I shall reduce Mr. Green's rate for these tasks to $163 per hour for time in 2020, and $172 per hour for time in 2021. These rates are comparable to what a paralegal would receive. This reduces the awardable attorney fees by **$1,260.20** [4]

## ATTORNEY COSTS

Petitioner requests $400.00 in overall costs. ECF No. 36-2 at 4. This amount is comprised of the Court's filing fee. I have reviewed the requested costs and find them to be reasonable, and shall therefore award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT IN PART Petitioner's Motion for attorney's fees and costs. I award a total of **$24,837.30** (representing $24,437.30 in fees and $400.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] This amount consists of ($405 - $163 = $242 x 4.9 hrs = $1,185.80) + ($420 - $172 = $248 x .30 = $74.40) = $1,260.20.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.